UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 13–2223 DSF (FFMx) | Date | 5/3/13 |
| Title | Ronald Sarukhanov v. JPMorgan Chase Bank, N.A., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**  (In Chambers) Order GRANTING Defendant's Motion for Partial Summary Judgment (Docket No. 9)

    The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7–15.  The hearing set for May 13, 2013 is removed from the Court's calendar.

    Defendant JPMorgan Chase Bank, N.A. (Chase) moves for partial summary judgment on Plaintiff Ronald Sarukhanov's claim that Chase violated California's Identity Theft statute, Civil Code § 1798.93 *et seq.*[1]  Sarukhanov brings other claims for negligence, breach of contract, breach of fiduciary duty, and declaratory relief.  (Notice of Removal, Ex. A., Compl.)  Sarukhanov initially filed this case in the Superior Court of California, Los Angeles County.  In Superior Court, Chase filed a demurrer to all of Sarukhanov's claims.  The Superior Court sustained Chase's demurrer without leave to amend as to Sarukhanov's breach of fiduciary duty claim and overruled Chase's demurrer as to all other claims.  (Pl.'s Notice of Filing of Exhibits in Supp. of Pl.'s Opp'n Ex 2.)  Chase subsequently removed the case pursuant to 28 U.S.C. § 1332 and § 1441(b).  (See Notice of Removal.)

    This case arises out of a dispute regarding four unauthorized withdrawals made from Sarukhanov's Chase bank account.  (Chase's Statement of Uncontroverted Facts

---

[1] In support of its motion, Chase cites Moreno v. Upchurch, 89 F.3d 845 (9th Cir. 1996), in support of its motion.  This citation is improper.  Moreno is an unpublished pre-2007 decision.  Ninth Circuit Rule 36–3 bars its citation to the Court.  Chase's counsel is cautioned that further violation of Ninth Circuit or other court rules will result in sanctions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

and Conclusions of Law (Chase SUF) ¶ 1.)  The unauthorized withdrawals were made on August 30, 2011 in the amount of $9,000, August 31, 2011 in the amount of $9,000, September 1, 2011 in the amount of $8,500, and September 2, 2011 in the amount of $503.00.  (Id.)

Civil Code Section 1798.93(a) provides in part:  "A person may bring an action against a claimant to establish that the person is a victim of identity theft in connection with the claimant's claim against that person. . . ."  Section 1798.92(a) defines a claimant as "a person who has or purports to have a claim for money or an interest in property in connection with a transaction procured through identity theft."[2]  By its plain terms, section 1798.93(a) does not apply to the missing funds because it is undisputed that Chase was not and is not making any claims against Sarukhanov.  Nowhere in Sarukhanov's Statement of Genuine Issues (SGI) does he list any instances of Chase attempting to collect a debt from him.  It is also undisputed that Chase has no interest in the missing funds.  Nowhere in Sarukhanov's SGI does he identify any interest Chase might have in any of his debts or any of his assets.[3]  As no genuine dispute of material fact remains and Chase has demonstrated that it is entitled to judgment as a matter of law, partial summary judgment is appropriate.  See Fed. R. Civ. P. 56(a) ("The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law").[4]

---

[2] In support of its motion, Chase cites repeatedly to Satey v. JPMorgan Chase & Co., 521 F.3d 1087 (9th Cir. 2008).  Satey is not particularly helpful as it considered whether a bank that previously attempted to collect a credit card debt from a victim of identity theft was a "claimant" within the scope of Civil Code § 1798.92(a) after the bank had sold the debt to a third party.  521 F.3d at 1091–93.

[3] In his attempt to show that Chase had an interest in his money or property, Sarukhanov makes the conclusory allegation that "Chase had an interest in the property or money belonging to Plaintiff as Plaintiff was a customer of Defendant and was assigned account number 940294705." (Sarukhanov SGI ¶ 1.)  The paragraph in his declaration on which he bases this allegation states only that "when Defendant Chase acquired the assets of Washington Mutual, I became a customer of Defendant and was assigned account number 940294705." (Decl. of Plaintiff Ronald Sarukhanov ¶ 4.)  This bare legal conclusion is not enough.  Specific facts are required; conclusory allegations will not suffice.  See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also FTC v. Publ'g Clearing House, Inc., 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.").

[4] Sarukhanov argues that "[t]he Court should apply the Identity Theft statute regardless of whether Defendant Chase is attempting to collect from Plaintiff," (Pl.'s Opp'n 20).  This

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Sarukhanov's other arguments lack merit. He asserts that because the Superior Court overruled Chase's demurrer as to his § 1798.93 claim, Chase is barred from making the instant summary judgment motion. Sarukhanov's argument fails.[5] "[A] motion for summary judgment or adjudication is not a reconsideration of a motion overruling a demurrer. They are two different motions. To hold that a trial court is prevented in a motion for summary judgment or adjudication from revisiting issues of law raised on demurrer is to condemn the parties to trial even where the trial court's decision on demurrer was patently wrong." Cmty. Mem'l Hosp. of San Buena Ventura v. Ventura, 50 Cal. App. 4th 199, 205 (1996); see also Dawson v. Cal. Dept. of Corrs., No. C 05-2253 MHP (pr), 2007 WL 2288327, at *7 (N.D. Cal. Aug. 7, 2007) (citing Ventura and rejecting the argument that an earlier ruling on a motion for judgment on the pleadings precludes a summary judgment motion on the same claim).[6]

Sarukhanov also asserts that granting summary judgment is improper because discovery is not complete. Federal Rule of Civil Procedure 56(d) permits the Court to defer considering a summary judgment motion "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Sarukhanov claims that a Rule 56(d) denial or deferral is appropriate because he has not yet taken the deposition of Chase's employees from the branch at which the unauthorized withdrawals took place and has not yet taken a Rule 30(b)(6) deposition. Sarukhanov asserts that these "depositions would reveal whether Defendant Chase had, at any time, an interest in the property or money belonging to Plaintiff." (Pl.'s Opp'n 15; see also Decl. of Richard M. Foster in Supp. of Pl.'s Opp'n ¶ 14.)

---

argument is unavailing. The Court cannot apply § 1798.93(a) in a manner inconsistent with its plain language. Sarukhanov also cites to Fayroyan-Mezhlumyan v. Wells Fargo Bank, Nat'l Ass'n, 202 Cal. App. 4th 195 (2011), but that case is irrelevant to his claim. Fayroyan-Mezhlumyan considered the proper statute of limitations to apply under California Code of Civil Procedure § 340(c) and is of no use here.

[5] In considering Chase's demurrer to Sarukhanov's § 1798.93(a) claim, the Superior Court appears to have considered only whether Satey applied and overruled Chase's demurrer on the basis that Satey did not apply and because Chase did not cite any other relevant precedent. (See Pl.'s Notice of Filing of Exhibits in Supp. of Pl.'s Opp'n, Ex. 2 at 21–24.)

[6] In support of his argument on this point, Sarukhanov cites, among other things, Preaseau v. Prudential Ins. Co. of Am., 591 F.2d 74, 79 (9th Cir. 1979). In Preaseau, the Ninth Circuit held that a district court could, even after denial of an identical summary judgment motion by the California trial court, grant a summary judgment motion. Id. at 79-80. Preaseau underscores the conclusion that a summary judgment may be properly granted even if a party's earlier demurrer on the same issue was overruled.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

Section 1798.93(a) permits an individual to bring a cause of action against a claimant but only to establish that the individual "is a victim of identify theft *in connection* with the claimant's claim *against that person*." (Emphasis added). Even if Sarukhanov can show that Chase has an interest in the funds at issue and might therefore be a claimant under § 1798.82(a), he still could not show that Chase has made a claim against *him* and, as such, he could not in any event sustain a claim under § 1798.93(a).

Chase's partial summary judgment motion is GRANTED.[7]

IT IS SO ORDERED.

---

[7] The Court declines to find that Sarukhanov's Local Rule 7–3 argument justifies disregarding Chase's summary judgment motion. Chase's counsel's declaration sufficiently indicates that Chase satisfied the requirements of Rule 7–3. (See Decl. of Brett D. Watson in Supp. of Chase's Mot. for Partial Summ. J.)